UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHARON J. HELZER,<br><br>    Plaintiff,<br><br>v.<br><br>FLORIDA DEPARTMENT OF EDUCATION d/b/a OFFICE OF STUDENT FINANCIAL ASSISTANCE d/b/a OSFA, and EQUIFAX INFORMATION SERVICES, LLC,<br><br>    Defendants. | 1:19-cv-03656<br><br>Honorable John Robert Blakey |

# INITIAL JOINT STATUS REPORT

Pursuant to Fed. R. Civ. P. 26(f) and this Court's Case Management Procedures, the parties submit the following Initial Joint Status Report ("Report").

**1.     Nature of the Case**

   **A.     Parties:**

For Plaintiff:

**Nathan Charles Volheim** (Lead Attorney)
**Taxiarchis Hatzidimitriadis**
**Eric Donald Coleman**
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
Tel: 630-575-8181
Fax: 630-575-8188
Email: nvolheim@sulaimanlaw.com
Email: thatz@sulaimanlaw.com
Email: ecoleman@sulaimanlaw.com

[1]For Defendants:

For Defendant, Equifax Information Services LLC ("Equifax"):
Misty L. Peterson
Tameika L. Montgomery
King & Spalding LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309-3521
(404) 572-4939
Email: mpeterson@kslaw.com
Email: tmontgomery@kslaw.com

Mary Kathryn Curry
Rodney L. Lewis

---

[1] Florida Department of Education ("FDOE") has not filed an appearance or Answer in the above captioned matter. Their answer to the complaint is due on July 5, 2019. We will file an amended Initial Joint Status Report once FDOE appears in this case

1

>Polsinelli PC
>150 N. Riverside Plaza
>Suite 3000
>Chicago, IL 60606
>(312)819-1900
>Email: mkcurry@polsinelli.com
>Email: rodneylewis@polsinelli.com

**B.** **Jurisdiction:** Federal question jurisdiction is based on the Fair Credit Reporting Act ("FCRA"), 15 U.S.C §1681 *et seq*.

**C.** **Claims asserted / affirmative defenses:** Plaintiff's complaint alleges violations of the FCRA against Defendant for impermissible credit reporting activity and failing to conduct a thorough review of her disputes.

Equifax is a consumer reporting agency, as that term is defined in the FCRA, and is regularly engaged in the preparation of consumer reports. Equifax maintains reasonable procedures designed to assure the maximum possible accuracy of the information it reports about consumers. Equifax denies that it violated the FCRA in its handling of Plaintiff's dispute(s) and that it is liable to Plaintiff in any manner whatsoever. Even if Plaintiff has suffered any compensable damages, Equifax is not responsible for the injuries of which Plaintiff complains and is without fault concerning all claims and theories upon which Plaintiff relies.

**D.** **Major factual and legal issues anticipated:**

**Plaintiff:** The communications between the parties? What investigation did Defendants conduct with regards to Plaintiff's disputes?

**Defendant:** As to Equifax, (1) whether as a result of any claimed FCRA violation by Equifax, Plaintiff suffered actual damages and if so, in what amount; and (2) whether any claimed FCRA violation by Equifax was the result of Equifax's willful noncompliance with the applicable provision of law.

E.    **Relief sought:** Plaintiff seeks statutory damages of up to $1,000.00 as provided under the FCRA, 15 U.S.C. §1681n, payment of her actual damages as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o, punitive damages under 15 U.S.C. §1681n and payment of her costs and reasonable attorney fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o.

Equifax does not allege any damages at this time but reserves the right to do so, and will provide a computation of each category of damages to the extent Equifax exercises that right as a supplement to these disclosures. Further, Equifax denies all liability to Plaintiff for any damages.

**2.    Pending Motions and Case Plan**

A.    **Pending motions:** None.

B.    **MIDP Compliance:**

i.    This case is subject to the Mandatory Initial Discovery Pilot ("MIDP") project and the MIDP Standing Order. As set forth below, the Parties have not yet exchanged their mandatory initial discovery responses as they are due 30 days after Defendants file their responsive pleadings. The Parties will comply with the MIDP and will advise the Court of any issues with respect thereto.

ii.    Plaintiff and his counsel certify compliance with the MIDP Standing Order.

iii.    As to compliance with the MIDP Standing Order, Defendants advise they will serve their MIDP responses in accordance with this Court's Local Rules.

C.    **Discovery plan:**

i.    The Parties anticipate both traditional written and oral discovery as well as potentially third-party discovery and possibly survey discovery. The Parties do not seek any

changes to the timing, form, and/or limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules of this Court at this time, but reserve the right to do so in the future.

    ii.  The Parties will exchange responses to the MIDP disclosures at the date and time outlined by the MIDP Standing Order.

    iii.  The Parties propose to issue further written discovery by August 15, 2019.

    iv.  The Parties will confer and propose an agreed protective order to the Court by August 15, 2019 in accordance with the Local Rules of the Northern District of Illinois.

    v.  The Parties do not anticipate the need for HIPAA waivers at this time. Should Plaintiff allege damages for medical treatment, Equifax requests that Plaintiff provide a HIPAA waiver for the purposes of obtaining records regarding her medical treatment and/or prescription(s).

    vi.  The Parties propose fact discovery to be completed by February 15, 2020.

    vii.  The Parties do not anticipate the need for expert discovery at this time. The Parties propose a status hearing at the end of fact discovery to advise whether any additional discovery is necessary.

    viii.  The Parties propose dispositive motions deadline of March 13, 2020.

    ix.  The Parties propose a tentative trial date of August 10, 2020.

  **D.**  **Trial:** Plaintiff has demanded a jury trial and the Parties do not anticipate any trial lasting more than two (2) days.

**3.**  **Magistrate Judge:**  At this time the Parties do not unanimously consent to proceed before a Magistrate Judge.

**4.**  **Settlement:** Plaintiff has recently tendered a settlement demand to Defendants and is

4

willing to discuss the basis for the same. Equifax has not received a settlement demand from Plaintiff but requests one at this time.

5. **MIDP Checklist:** The Parties have reviewed and will comply with the Court's MIDP checklist. The Parties have made or will make all requisite entries into the Court's CM/ECF system.

Dated: July 1, 2019

Respectfully submitted by:

s/ Nathan Charles Volheim
Nathan C. Volheim
*Counsel for Plaintiff*


s/ Misty L. Peterson
Misty L. Peterson
*Counsel for Defendant Equifax*

5